HU MING DAI, Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Alberto R. Gonzales,
Attorney General, Respondent.

No. 05–3804–ag.

United States Court of Appeals,
Second Circuit.

June 23, 2006.

David X. Feng, New York, New York, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the April 5, 2006, due date specified in the scheduling order issued on February 15, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Hu Ming Dai, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Roxanne C. Hladylowycz's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). While we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 312.

The IJ found that Dai's testimony was neither sufficiently detailed nor credible and did not establish eligibility for asylum. The IJ's reasoning is flawed and not supported by substantial evidence.

■ The IJ provided three examples of why Dai's testimony was vague and lacked detail. First, the IJ found that Dai failed "to explain how his wife's pregnancy was confirmed." This finding is erroneous. In his asylum application, Dai explained that three months after having had an IUD inserted, "[his] wife's period stopped and found [sic] she was pregnant." Moreover, the IJ never asked Dai how his wife confirmed that she was pregnant, but instead inquired how she was able to become pregnant considering the IUD. Dai's response that his wife became pregnant "by accident" even having been implanted with an IUD was neither implausible nor inconsistent with any of his other testimony. Cer-

74

tainly, IUDs are not 100% effective, and Dai cannot be expected to provide a more detailed explanation of his child's conception.

■ The second example provided by the IJ for why Dai's testimony was vague was that his description of his detention by authorities looking for his wife was vague and required corroboration. Dai's detention, however, was not integral to his central claim that his wife was forced to undergo an abortion and to have an IUD implanted. Further, the IJ did not indicate why Dai's testimony was vague or indicate what sort of corroboration would have been obviously material and reasonably available. *See Diallo v. INS,* 232 F.3d 279, 288–289 (2d Cir.2000).

Dai's detention was also corroborated by his wife's letter. The IJ, however, declined to consider Dai's wife's letter as corroboration because the return address on the letter bore the couple's old home address rather than her parents' address where Dai testified she was residing. Even assuming that this is an inconsistency—although the IJ's rationale for rejecting Dai's explanation that his wife used the address where the couple was registered is highly questionable—it is a minor one that neither impugns the contents of the letter, which are consistent with Dai's testimony, nor goes to the heart of Dai's asylum claim. *See Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 308 (2d Cir.2003).

■ Third, the IJ's finding that there was "no proof" that Dai's wife was implanted with a second IUD is not supported by substantial evidence. Dai's testimony on this fact was corroborated by both his wife's letter and the abortion certificate. The IJ found the abortion certificate presented by Dai was suspect because it stated that "[t]his certificate is for related unit reference only." The IJ found that this statement on the certificate contra-dicted Dai's claim that his wife did not work. This inconsistency concerns whether Dai's wife worked when she was forced to have an abortion and not whether the abortion occurred. Again, to the extent that Dai's testimony was inconsistent concerning his wife's employment, it does not go to the heart of his claim. *See Secaida–Rosales,* 331 F.3d at 308. Other than the minor inconsistencies regarding the two documents, the IJ provided no "specific, cogent reasons" why Dai's testimony was not credible. *See Zhou Yun Zhang,* 386 F.3d at 74.

The flaws in the IJ's findings are substantial and pervasive, and therefore, we cannot confidently predict that absent these flaws IJ would come to the same conclusion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–165 (2d Cir.2006). Accordingly, we hold that the IJ's finding that Dai failed to establish eligibility for asylum is without substantial evidentiary support in the record and must be vacated.

Because Dai did not raise his claims for withholding of removal and CAT before the BIA, those claims are unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED with respect to Dai's asylum claim, and DENIED with respect to his claims for withholding of removal and CAT relief. The pending motion for a stay of removal in this petition is DENIED as moot.